UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BLITZ USA, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:11-CV-0034-G |
| LIBERTY SURPLUS INSURANCE ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court are the motion of the plaintiff, Blitz, U.S.A., Inc. ("Blitz"), for an emergency decree of specific performance or alternative injunctive relief (docket entry 5) and the motions of the defendant, Liberty Surplus Insurance Corporation ("LSIC"), to strike the plaintiff's motion as moot (docket entry 28) and to transfer venue to the Northern District of Oklahoma (docket entry 12). For the reasons stated below, LSIC's motion to transfer venue to the Northern District of Oklahoma is granted, and decision of the remaining motions is reserved to the transferee court.

### I. BACKGROUND

In this action, Blitz seeks declaratory and injunctive relief against LSIC for breach of contract and bad faith under Oklahoma law. Blitz, U.S.A., Inc.'s Original

Complaint ("Complaint") ¶¶ 22-26. Blitz's claims are based on LSIC's failure to defend and hold it harmless in accordance with the terms of a number of Commercial General Liability insurance policies (the "insurance policies"). *Id.* ¶ 13. LSIC has moved to transfer venue, arguing that this action should be transferred to the Northern District of Oklahoma for the convenience of the parties and witnesses and in the interest of justice. Defendant Liberty Surplus Insurance Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("LSIC Motion") at 1.

Blitz is an Oklahoma corporation with its headquarters and principal place of business in Miami, Oklahoma. Complaint ¶ 1. Blitz manufactures products, including plastic gas cans, which are distributed and sold throughout the United States. *Id.* ¶ 5. Blitz enlisted the services of LSIC to provide general liability coverage "for 'sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which'" the insurance policies apply. *Id.* ¶¶ 6-7. Each of the insurance policies carry policy limits of "$1 million per occurrence, $2 million aggregate, after a $1 million per occurrence self-insurance retention ("SIR") is exhausted." *Id.* ¶ 7. The insurance policies all include a "Self-Insured Retention Endorsement" ("SIR endorsement") which states, "For any liability to which the policy applies, you [Blitz] shall pay the Self-Insured Retention before we [LSIC] have any obligation to pay loss or damages or participate in any investigation or defense . . . ." *Id.* ¶ 8. The SIR endorsement also provides that LSIC has "the right but not

the duty, at our expense, at any time to assume the defense and/or settlement of any claim or 'suit' where damages are sought which exceed the amount of the [SIR] . . . ." *Id.*

Blitz has been named a defendant in several pending lawsuits. *Id.* ¶ 9. In each of those suits, the plaintiffs seek damages in excess of the SIR. *Id.* Blitz argues that many of those cases have required extensive discovery and other pretrial preparation, making them particularly expensive to defend. *Id.* ¶ 12. Despite repeated requests by Blitz that LSIC comply with the terms of the insurance policies, LSIC has refused to accept responsibility for Blitz's defense and has refused to pay the litigation expenses, including attorneys' fees, incurred by Blitz in excess of the SIR. *Id.* ¶ 15.

## II. ANALYSIS

### A. The Legal Standard

LSIC has moved to transfer this case to the Northern District of Oklahoma, where Blitz resides and maintain its principal office. LSIC Motion at 1; Brief in Support of Defendant Liberty Surplus Insurance Corporation's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("LSIC Brief") at 1-2. A district court may transfer any civil case "[f]or the convenience of parties and witnesses, in the interest of justice, . . . to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of section 1404(a) "is to prevent the waste 'of time, energy, and money' and 'to protect litigants, witnesses and the public against

unnecessary inconvenience and expense . . . .'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (quoting *Continental Grain Company v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)). The decision to transfer a pending case is committed to the sound discretion of the district court. *Jarvis Christian College v. Exxon Corporation*, 845 F.2d 523, 528 (5th Cir. 1988).

"It is well settled that the party moving for a change of venue bears the burden of demonstrating why the forum should be changed." *Dupre v. Spanier Marine Corporation*, 810 F. Supp. 823, 825 (S.D. Tex. 1993) (citing *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966)). Placing the burden on the moving party to show "good cause" for the transfer "reflects the appropriate deference to which the plaintiff's choice of venue is entitled." *In re Volkswagen of America, Inc.*, 545 F.3d 304, 314-15 & n.10 (5th Cir. 2008) (en banc), *cert. denied*, __ U.S. __, 129 S.Ct. 1336 (2009). Unless the transferee district is "clearly more convenient," the plaintiff's choice of venue should be respected. *Id*. at 315.

"The preliminary question under § 1404(a) is whether a civil action 'might have been brought' in the destination venue." *Id.* at 312. This requires a finding that the transferee court has jurisdiction over the defendant and venue in the transferee district would be proper. *Frost v. ReliOn, Inc.*, No. 3:06-CV-0822-G, 2007 WL 670550, at *2 (N.D. Tex. Mar. 2, 2007) (Fish, C.J.). Once this is established, the court must weigh the following private and public interest factors to determine

"whether a § 1404(a) venue transfer is for the convenience of parties and witnesses and in the interest of justice." *Volkswagen*, 545 F.3d at 315.

> The private interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive."
>
> . . .
>
> The public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law."

*Id.* (quoting *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)). This list is neither exhaustive nor exclusive, and no single factor should be given dispositive weight. *Id.*

B. Application

As a threshold matter, section 1404(a) requires the court to determine whether the proposed transferee district is one in which the suit might have been brought. *Illinois Union Insurance Company v. Tri Core, Inc.*, 191 F. Supp. 2d 794, 797 (N.D. Tex. 2002) (Lynn, J.). Such a district "is one in which upon commencement of the suit the plaintiff ha[d] a right to sue independently of the wishes of the defendant." *Independent Fish Company v. Phinney*, 252 F. Supp. 952, 953 (W.D. Tex. 1966) (citing

*Hoffman v. Blaski*, 363 U.S. 335 (1960)).  Both parties agree -- and rightfully so -- that this case could have been brought in the Northern District of Oklahoma.  *See* Plaintiff's Response and Brief in Opposition to Defendant's Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(A) ("Blitz Response") at 3 ("Blitz does not dispute that it could have brought its cause of action against LSIC in the Northern District of Oklahoma."); LSIC Brief at 5-6 (explaining that LSIC "resides" in the Northern District of Oklahoma under 28 U.S.C. § 1391(a)(1), (c) and LSIC is subject to personal jurisdiction in that district because it is an eligible surplus lines insurer in Oklahoma and the insurance policies in dispute were issued in the Northern District of Oklahoma).

Because there is no dispute that this suit could have been brought in the Northern District of Oklahoma, the court must consider the private and public interest factors outlined in *Volkswagen* to determine if transfer is appropriate.  The private interest factors strongly favor transfer of this case to the Northern District of Oklahoma.  The plaintiff, Blitz, is an Oklahoma corporation with its principal place of business in the Northern District of Oklahoma.  Complaint ¶ 1.  The insurance agreements at the heart of this dispute were issued in Oklahoma.  LSIC Brief at 3.  A majority of the potential witnesses in this case live outside of Texas, namely in Oklahoma or Missouri, *id.* at 7-9; Blitz Response at 9-11, and travel costs for both parties and the potential witnesses -- in terms of both time and money -- would likely

be reduced if this case were transferred to the Northern District of Oklahoma. Defendant's Reply in Support of Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("LSIC Reply") at 4. To the extent that sources of proof are relevant to this dispute, the costs associated with production of documents favor neither Texas nor Oklahoma; however, it is worth reiterating that Blitz is a corporation whose principal place of business is in the Northern District of Oklahoma and thus it seems unlikely that Blitz will incur more than minimal costs to produce original documents, if such are necessary, for trial in that venue. Having weighed the private interest factors, the court finds practical advantages to adjudicating this dispute in Oklahoma rather than in Texas.

The public interest factors also support a transfer of this case to the Northern District of Oklahoma. Again, Blitz is an Oklahoma corporation with its principal place of business in the Northern District of Oklahoma. Complaint ¶ 1. The insurance policies in controversy were issued in Oklahoma and the parties' rights and obligations under those policies appear to be governed by Oklahoma law. LSIC Brief at 3; Commercial General Liability Policy No. EGL-BO-184170-016 at 023, *attached to* LSIC Motion *as* Exhibit A.[1] Moreover, the present case is only tangentially related to Texas. While it is true that this case "involves questions regarding insurance

---

[1] While never expressly conceding that Oklahoma law governs, Blitz acknowledges that possibility. Blitz Response at 18-20. The bad faith claim in the complaint explicitly refers to Oklahoma law. Complaint ¶¶ 24-25.

coverage for claims brought by Texas residents," Blitz Response at 17, Texas' interest in this dispute seems minimal because LSIC's obligation to defend and hold Blitz harmless has no bearing on Blitz's liability for its tortious conduct in this state. Cf. *St. Paul Mercury Insurance Company v. Lexington Insurance Company*, 78 F.3d 202, 205 (5th Cir. 1996) ("[W]hen the issues of a case require the construction and application of insurance policies . . ., the relevant inquiry is what contacts the state has with the insurance dispute, and not with an underlying lawsuit.").

In its response to LSIC's motion to transfer, Blitz argues that "the record of the case is not adequately developed for consideration of applicable law" and that the court has not yet determined whether "Oklahoma law, or the law of some other jurisdiction (including Texas) applies to any of the specific issues presented." Blitz Response at 19. Blitz's position on this point seems disingenuous. Even though the insurance policies do not explicitly identify the parties' intention regarding which jurisdiction's laws govern, the factors relevant to making such a determination all point to the application of Oklahoma law.[2] *See* TEX. BUS. & COM. ANN. § 271.001,

---

<sup>2</sup>  The court finds no need to definitively resolve this issue -- particularly because the weight of the other factors heavily favor transfer of this case to the Northern District of Oklahoma -- but notes that "[a] federal court must follow the choice-of-law rules of the state in which it sits. Under Texas choice-of-law rules, disputes are governed by the law of the state with 'the most significant relationship to the particular substantive issue.'" *St. Paul*, 78 F.3d at 205. Even if it is assumed for the sake of argument that the court could not ascertain the parties' intention regarding which jurisdiction's laws govern construction of the insurance policies (an issue on which this court expresses no opinion), Texas' choice-of-law rules would

(continued...)

*et seq.* (Vernon 2009) (describing Texas' conflict-of-laws rules and the factors relevant to determining which jurisdiction's laws apply to a transaction such as this one). More importantly, in its complaint, Blitz explicitly asserts a claim for bad faith under *Oklahoma* law. Complaint ¶ 24. Certainly, Blitz is not suggesting that Texas law (or the law of some other jurisdiction) applies to its Oklahoma-based bad-faith claim.

This dispute concerns the construction of a number of insurance policies issued in Oklahoma and apparently governed by its laws. Blitz, the plaintiff, is an Oklahoma corporation with its principal place of business in the Northern District of Oklahoma. In its complaint, Blitz alleges that LSIC acted in bad-faith in violation of Oklahoma law. Most of the witnesses identified by the parties live outside of Texas, and a significant number of them live in or near Oklahoma. Oklahoma has a substantial interest in this dispute, and the citizens of that state deserve to have this issue resolved at home. Cf. *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) ("Jury duty is a burden that ought not to be imposed upon the people of a community which has no relation to the litigation."). Considering these facts, the court finds that transfer of this case to the Northern District of Oklahoma will best promote the convenience of the parties and witnesses and serve the interest of justice. Accordingly, LSIC's motion to transfer venue is granted.

---

[2](...continued)
apply, and since Oklahoma has the most significant relationship to this dispute, it is most likely that Oklahoma law would control. *Id.*

## III. CONCLUSION

For the above stated reasons, the defendant's motion to transfer venue to the Northern District of Oklahoma is **GRANTED**, and decision on the plaintiff's motion for emergency decree of specific performance or alternative injunctive relief and the defendant's motion to strike is **RESERVED** to the transferee court.

**SO ORDERED**.

April 27, 2011.

*/s/ A. Joe Fish*
**A. JOE FISH**
**Senior United States District Judge**